UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michael K. O'Halloran,
      Petitioner

    v.                                    Case No. 17-cv-330-SM
                                          Opinion No. 2018 DNH 153
United States of America,
      Respondent


**O R D E R**


Petitioner, Michael O'Halloran, seeks relief under the provisions of 28 U.S.C. § 2255. He argues that the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), made retroactive in Welch v. United States, 136 S. Ct. 1257 (2016), invalidates the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and Section 924(c) (prohibiting the use of a firearm during or in relation to any "crime of violence" 18 U.S.C. § 924(c).

The Government concedes that O'Halloran would qualify for relief on his ACCA claim under ordinary circumstances, but suggests that the claim need not be resolved in this case, given the "concurrent sentence doctrine" (O'Halloran is also serving an unchallenged concurrent life sentence for carjacking). As for his § 924(c) claim, the Government seeks dismissal on

grounds that it is untimely.  For the reasons discussed below, Petitioner's motion is granted in part, and stayed in part.

## **Analysis**

1. <u>The Concurrent Sentence Doctrine</u>

O'Halloran was convicted in 1997 of numerous crimes including: carjacking, racketeering, robbery, conspiracy to commit robbery, felon in possession of a firearm, and use of a firearm during a crime of violence.  He was sentenced to life in prison.  The Government correctly points out that, even granting O'Halloran the relief he seeks, neither his term, nor the conditions of his imprisonment, will change: he will remain in prison, serving a life sentence.  Accordingly, the government argues that the concurrent sentence doctrine counsels against resolving the limited claims raised in O'Halloran's petition.

The concurrent sentence rule provides that a sentencing error is harmless if a defendant would not spend less time in prison even if that error were corrected, because he is serving a concurrent sentence of the same or greater length for another conviction which was not challenged.  While the rule remains viable in this circuit, our Court of Appeals is "aware of the disfavor that the Supreme Court cast upon the concurrent sentence rule in <u>Benton v. Maryland</u>, 395 U.S. 784 (1969)."

Vanetzian v. Hall, 562 F.2d 88, 90 (1st Cir. 1977). The Supreme Court has acknowledged that the concurrent sentence rule may have "some continuing validity as a rule of judicial convenience" but, that equal concurrent sentences do not present a jurisdictional bar to review. Benton, 395 U.S. at 791, 793. The Court noted that in a situation where a future successful challenge to one sentence would require review of the sentence presently challenged, it is "certainly preferable" to conduct the review now, rather than later. Id. at 793. In this case, while a future successful challenge to O'Halloran's carjacking sentence is unlikely, still, it seems preferable to resolve the claims made now, rather than invoke the convenience of the concurrent sentence rule.

2. Challenge to Sentence under 18 U.S.C. § 924(e) (ACCA)

O'Halloran first challenges his sentences on two counts of being a Felon in Possession of a Firearm, imposed pursuant to the ACCA, 18 U.S.C. § 924(e)(2)(B). That statute prescribes a minimum sentence of fifteen years and a maximum sentence of life in prison for a defendant with three prior "violent felony" convictions. At the time of O'Halloran's sentencing, a prior conviction qualified as a predicate "violent felony" if it was for "burglary, arson, or extortion, [or] involve[d] use of

explosives" (referred to as the "enumerated crimes clause"); "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," (referred to as the "elements clause"); or if the crime "otherwise involves conduct that presents a serious potential risk of physical injury to another" (referred to as the "residual clause"). 18 U.S.C. § 924 (e)(2)(B)(i)-(ii). In Johnson v. United States, the Supreme Court struck down the residual clause of §924(e)(2)(B) as unconstitutionally vague. 135 S. Ct. at 2563. Therefore, if any of O'Halloran's three prior "violent crime" convictions satisfy the residual clause, but not the elements or the enumerated crimes clause, of § 924(e), then his current sentence is necessarily invalid, and O'Halloran is entitled to relief.

At sentencing, the court adopted the presentence report and determined that O'Halloran was an Armed Career Criminal, based on predicate state convictions for Armed Assault with Intent to Murder (MA), Armed Bank Robbery (MA), and Assault with a Dangerous Weapon (RI). O'Halloran argues, and both the Government and United States Probation Office agree, that a Rhode Island Conviction for Assault with a Dangerous Weapon (ADW) does not qualify as a "violent felony" under the elements clause of the ACCA. See United States v. Sabetta, 221 F. Supp. 3d 210 (D.R.I. 2016) (holding that because "recklessness" is

4

sufficient to support an ADW conviction in Rhode Island, such a conviction could not serve as an ACCA predicate under the categorical analytical approach). See Gov. Objection (document no. 9) at 1 n.1; U.S. Probation Memo (document no. 6) at para. 1. O'Halloran, then, had only two qualifying violent felony convictions, and the ACCA sentence enhancement was inapplicable to him. Accordingly, the motion for sentence relief under Johnson is necessarily granted. O'Halloran's affected sentences will be reduced to the low end of the correctly calculated applicable Guideline Sentencing Range, and a revised judgment reflecting that modification shall issue.

3. Challenge to Conviction Under 18 U.S.C. § 924(c)

O'Halloran also challenges his two convictions for use of a firearm during a crime of violence (18 U.S.C. § 924(c)). The Court of Appeals for the First Circuit granted petitioner leave to file this second § 2255 petition because his ACCA claim satisfied the prerequisites set out in 28 U.S.C. § 2255(h)(2). O'Halloran v. United States, No. 16-1772 (1st Cir. July 13, 2017) (ECF document no. 1-1). However, the court took "no position whatsoever" with respect to whether petitioner could properly raise Johnson claims challenging his § 924(c) sentence. Id. (quoting United States v. MacDonald, 641 F.3d 596, 615 (4th

Cir. 2011) (taking position that the district court should "more closely scrutinize each claim and dismiss those that are barred under § 2255(h)") (internal quotations omitted).

A second or successive petition may be certified for district court consideration if it is based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Petitioner does not directly demonstrate that his § 924(c) challenge meets the requirements of § 2255(h)(2). He argues, instead, that Johnson's holding invalidating the residual clause of the ACCA, made retroactive in Welch, necessarily requires that the similarly worded residual clause found in § 924(c)(3) be struck down.

As previously discussed in earlier cases in this district (in the context of § 2255(f), the statute of limitations), Johnson does not clearly announce a new rule of constitutional law invalidating § 924(c)'s similar residual provision, because "a substantial number of capable jurists have reasonably determined after careful analysis that Johnson does not require invalidation of § 924(c)'s residual clause." Rawnsley v. United States, Case No. 16-cv-190 SM, 2016 WL 6407843 at *1 (D.N.H. Oct. 28, 2016) (quoting Kucinski v. United States, Case No. 16-cv-201-PB, WL 4926157 at *9 (D.N.H. Sept. 15, 2016).

The law, however, continues to evolve. In <u>Sessions v. Dimaya</u>, the Supreme Court recently applied <u>Johnson</u> to strike down the residual clause used in defining a "crime of violence" under the provisions of 18 U.S.C. § 16(b). <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204, 1223 (2018). The dissent in <u>Dimaya</u> noted that § 16(b)'s definition of a crime of violence is identical to the definition found in § 924(c)(3). 138 S. Ct. at 1241 (Roberts, C.J., dissenting). While Chief Justice Roberts "express[ed] no view on whether 924(c) can be distinguished from [§ 16(b)]," <u>id</u>., other circuit courts have determined that the language used in the two statutes is indistinguishable, and so have held the residual clause aspect of § 924(c) unconstitutionally vague. <u>See</u> <u>United States v. Salas</u>, 889 F.3d 681, 686 (10th Cir. 2018) (holding § 924(c) unconstitutionally vague based on <u>Dimaya</u>); <u>see also</u> <u>United States v. Cardena</u>, 842 F.3d 959, 996 (7th Cir. 2016) (a pre-<u>Dimaya</u> case holding § 924(c) unconstitutionally vague based on circuit precedent applying <u>Johnson</u>).

It is likely that our court of appeals will soon clarify whether <u>Johnson</u> is retroactively applicable to § 924(c) in light of <u>Dimaya</u>. This court's decision in <u>Rawnsley</u>, (holding that <u>Johnson</u> does not invalidate § 924(c)), is on appeal to the First Circuit, and that proceeding was stayed pending the Supreme Court's decision in <u>Dimaya</u>. Because the issues raised in <u>Rawnsley</u> are substantially similar to those presented here, it

7

seems appropriate to await a controlling decision in Rawnsley. There can be no prejudice to petitioner or the government occasioned by a reasonable delay since petitioner will not be entitled to release even if he should eventually prevail. Accordingly, O'Halloran's challenge to his conviction under 18 U.S.C. § 924(c) is stayed pending the Court of Appeals' decision in Rawnsley v. United States, No. 16-2321.

## Conclusion

For the forgoing reasons, O'Halloran is presently entitled to relief from his sentences imposed based in part on the residual clause of the Armed Career Criminal Act 18 U.S.C. § 924(e). The extent of Johnson's application to § 924(c) will likely be resolved authoritatively by the Court of Appeals in the Rawnsley case. Accordingly, O'Halloran's petition to vacate and correct his sentence imposed under the ACCA is GRANTED, and his motion to vacate his conviction under § 924(c) is STAYED pending resolution of Rawnsley v. United States, No. 16-2321 (1st Cir. 2016).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 31, 2018

cc: Charles J. Keefe, Esq.
    Seth R. Aframe, AUSA