UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michael K. O'Halloran

   v.                                      Case No. 17-cv-330-SM
                                          Opinion No. 2021 DNH 019
United States of America

**ORDER**

The issue remaining in this habeas case is whether petitioner's two convictions for using or carrying a firearm in connection with a crime of violence (18 U.S.C. § 924(c)) should be vacated, given the Supreme Court's holding in United States v. Davis, ___ U.S. ___, 139 S. Ct. 2319 (2019), invalidating the "residual clause" in Section 924(c). The Davis holding is retroactive. United States v. Bowen, 936 F.3d 1091, 1098 (10th Cir. 2019).

Petitioner asserts that his Section 924(c) convictions might have been predicated on his convictions for conspiracy to commit robbery (Counts 4 and 9 of the Indictment). Because conspiracy does not qualify as a "crime of violence," under the "force" clause of Section 924(c), and the residual clause (that might have covered it) is invalid, he moves to vacate the

Section 924(c) convictions.  <u>Brown v. United States</u>, 924 F.3d 1069, 1075-76 (11th Cir. 2019).

But, petitioner was also convicted of two substantive Hobbs Act robbery offenses (Counts 5 and 10), which do qualify as predicate crimes of violence under Section 924(c).  The indictment referred to both the conspiracy to commit robbery, and the substantive robbery counts as potential predicates, as did the jury instructions.  Petitioner's position is fairly stated as:  If the Section 924(c) convictions rested on the conspiracy counts and not the substantive robbery counts, then those convictions must be vacated and, since that cannot be known, it must be presumed to be so.

This issue has been raised a number of times since the <u>Davis</u> opinion.  Generally, "when the valid and invalid predicate offenses are coextensive, a reasonable probability does not exist that the jury convicted based only on the invalid offense."  <u>Durfee v. United States</u>, 2020 WL 1942324, at * 4 (D.N.H. April 20, 2020) citing cases.  In such a case, the jury instructions referencing the invalid predicate offense, while erroneous, are harmless.

That is precisely the situation here.  The conspiracy counts related to the same robberies charged in the substantive counts, and the jury convicted petitioner of both the conspiracy and substantive robbery offenses.  "It does not make sense that the jury could find the petitioner used a firearm in the conspiracy but not the robbery."  Id., citing Johnson v. United States, 2019 WL 1790218, at * 6 (C.D. Calif. April 23, 2019).  "Further, strong evidence of the petitioner's involvement in the robbery itself supports a conclusion that the Hobbs Act robbery was [a] predicate offense found by the jury."  Id.

## Conclusion

The jury instructions given with respect to the Section 924(c) counts, while retroactively rendered erroneous by the Davis decision, were nevertheless harmless, given that the conspiracy to rob and the substantive robbery counts (the potential predicates) were factually and pragmatically coextensive.  The robbery offenses qualified as "crimes of violence" predicates, and the jury's verdict on the Section 924(c) counts remain valid.

Judgment shall enter in accordance with this order and the court's previous order (amending the sentence) (document no. 17).

**Certificate**

As petitioner has not made a substantial showing of the denial of a constitutional right (28 U.S.C. § 2253(c)(2)) with respect to the validity of his two Section 924(c) convictions, the court declines to issue a certificate of appealability. Petitioner is, however, free to seek such a certificate from the United States Court of Appeals, located in Boston, Massachusetts. Rule 11, Rules Governing Section 2255 Proceedings.

**SO ORDERED.**

                                                            _____
                                                           Steven J. McAuliffe
                                                           United States District Judge

January 25, 2021

cc: Charles J. Keefe, Esq.
     Seth R. Aframe, AUSA
     U.S. Probation
     U.S. Marshal